UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

DEANNA GALLO, BRITTANY DUCHAINE
and SANCHARE KELLY, on behalf of
themselves and All others similarly situated,

                  Plaintiffs,

v.                                           CIVIL ACTION NO.:

JOLO, INC. d/b/a HURRICANE BETTY'S
and MYLES O'GRADY individually,

                  Defendants.
_____/

# COMPLAINT

## Nature of Action

1. This is a class action brought by DeAnna Gallo, Brittany Duchaine and Sanchare Kelly on behalf of themselves and a class of all other individuals similarly situated (hereinafter "Plaintiffs") who have performed services as exotic dancers for JOLO, Inc. d/b/a Hurricane Betty's and Myles O'Grady (hereinafter "Defendants"). This Complaint alleges the Defendants failed to pay exotic dancers working at Hurricane Betty's minimum wage and overtime, mandated that their dancers pay house and late fees and share their tips with DJs. The Complaint also alleges the Defendants misclassified Plaintiffs and the proposed Class as independent contractors, despite the fact that Plaintiffs and the proposed Class were employees and must legally be treated as employees for wages, overtime, health insurance, and all other employment purposes and benefits. Defendants have violated the rights of Plaintiffs and proposed Class members, under Massachusetts statutory and common law and the Federal Labor Standards Act (FLSA) as set forth below.

1

2. A similar action was brought by exotic dancers at Hurricane Betty's against the *same* Defendants in April 2012. The prior action included the same allegations of failure to pay minimum wage, mandating that dancers to pay house fees, requiring dancers to tip-out non-service employees and other violations of the Massachusetts Wage Act, "tip statute" and the common law. *Benjamin v. Jolo, Inc.* US District Court Worcester CA# 12-cv-40071-TSH.

## The Parties

3. Plaintiff, DeAnna Gallo, resides in Rhode Island. Ms. Gallo worked as an exotic dancer at Hurricane Betty's on various dates and times from February 2016 to December 2017.

4. Plaintiff, Brittany Duchaine, resides in Worcester County, Massachusetts. Ms. Duchaine worked as an exotic dancer at Hurricane Betty's on various dates and times from November 2018 to January 2019.

5. Plaintiff, Sanchare Kelly, resides in Rhode Island. Ms. Kelly worked at Hurricane Betty's from early 2017 to late 2018

6. Defendant, JOLO, Inc., is a domestic corporation incorporated under the laws of Massachusetts. JOLO maintains its principal office at 350 Southbridge Street, Worcester, Worcester County, MA. JOLO owns and operates a strip club known as Hurricane Betty's located at the same location.

7. Defendant, Myles O'Grady (O'Grady) is an individual who resides at 27 Rolling Lane, Needham, Norfolk County, MA. O'Grady is the president and treasurer of JOLO, Inc. Accordingly, he is an employer of the Plaintiffs within the meaning of M.G.L. c. 149 § 148, which provides that "the president and treasurer of a corporation and any officers and agents having the management of such corporation shall be deemed to be the employers of the employees of the corporation." In addition to being the president, and treasurer of JOLO,

O'Grady has exercised substantial dominion and control over the decisions of Hurricane Betty's and has been substantially involved in the decisions affecting the terms and conditions of the Plaintiffs' employment, including the direction and control over its employment policies, employment practices, the hiring and firing of the Plaintiffs, failure to pay wages, classifying the Plaintiffs as independent contractors, instituting and retaining portions of the Plaintiffs' tips earned from patrons, and directing and exercising operational and behavioral control over all significant aspects of the Plaintiffs' work.  Examples of O'Grady's control over the Plaintiffs are the following: requiring dancers to pay "house fees"; requiring dancers to tip-out DJ's; requiring dancers to work certain hours; specifying the clothing dancers must wear on stage and on the floor; requiring dancers to become fully nude on stage, in private dances and in the Champagne / VIP room; requiring dancers to appear on stage when called; and requiring dancers to pay fines for being late, or failing to appear for a scheduled shift.

## Statement of Facts

8. As stated, Defendants own and operate the strip club known as Hurricane Betty's in Worcester, Massachusetts.  Defendants employ women to work as exotic dancers at Hurricane Betty's including the Plaintiffs.  The exotic dancers provide adult entertainment to customers in the form of live nude and semi-nude dancing.

9. Defendants did not pay Plaintiffs minimum wage, or any wage, or salary.  The only compensation that the dancers received while working at Hurricane Betty's were tips paid by customers.

10. The Defendants did not pay Plaintiff's overtime pay for hours worked in excess of forty hours per week.

11. Defendants required Plaintiffs to share their tips with DJ's and other non-service employees.

12. Defendants required Plaintiffs to pay a house fee, sometimes disguised as a late fee, of $20 for each shift the Plaintiff worked.

13. Defendants also classified the Plaintiffs as independent contractors, rather than as employees. However, the Plaintiffs do not qualify as independent contractor under state or federal law. Specifically:

    a. Plaintiffs performed a service that is part of the Defendants' regular course of business, namely, the operation of a strip club that provides adult entertainment in the form of live nude and semi-nude exotic dancing;

    b. Plaintiffs are not engaged in a distinct occupation or business on their own. They performed services at Defendants' club and as part of Defendants' usual business operations;

    c. Defendants had an unlimited right to discipline and terminate Plaintiffs at will;

    d. Defendants required Plaintiffs to become fully nude while on stage, in private dances, in the Champagne / VIP room, and dance in conformance with Hurricane Betty's rules;

    e. Defendants, through their management, scheduled the Plaintiffs shifts and order in which they danced;

    f. Defendants did not allow Plaintiffs to leave Hurricane Betty's on personal business or come and go as they pleased while "on shift," unless they obtained management approval; and

g.  Plaintiffs did not, at any time, hold themselves out, or advertise themselves as independent contractors, nor did they own any exotic dancer businesses.

**Exhaustion of Administrative Remedies**

14. Pursuant to M.G.L. c. 149 § 150, Plaintiffs filed the required statutory claims with the office of the Attorney General, and the Attorney General issued a right to sue letter.

**Count I**
**M.G.L. c. 149 §§ 148 & 150**
**(Failure to Pay for Work Performed)**

15. As set forth above, the Defendants' failure to pay Plaintiffs the Massachusetts minimum wage and overtime violated M.G.L. c. 149 §§ 148 and 150.

**Count II**
**M.G.L. c. 151 §§ 1 & 7**
**(Failure to Pay Minimum Wage & Overtime)**

16. As set forth above, the Defendants' failure to pay Plaintiffs the Massachusetts minimum wage and overtime violated M.G.L. c. 151 §§ 1 and 7.

**Count III**
**M.G.L. c. 149 § 152A**
**(Unlawful Tip Sharing)**

17. As set forth above, Defendants' failure to allow Plaintiffs to retain all of their tips by requiring them to pay house fees, various fines, and tip out employees who do not customarily and regularly receive tips violates M.G.L. c. 149 § 152A(b). By violating the express provisions of M.G.L. c. 149 § 152A, the Defendants are subject to civil and criminal penalties as set forth in §§ 27 C and 152A of Chapter 149.

## Count IV
## M.G.L. c. 149 § 148B
### (Independent Contractor Misclassification)

18.     As set forth above, Defendants' misclassification of Plaintiffs as independent contractors, rather than employees, violates M.G.L. c. 149 §§ 148b, 152A. This claim is brought pursuant to M.G.L. c. 149 § 150.

## Count V
### (Unjust Enrichment)

19.     As set forth above, the Defendants have been unjustly enriched under the common law by improperly receiving and requiring the Plaintiffs to pay house fees in violation of M.G.L. c. 149 § 152A.

## Count VI
### (Quantum Meruit)

20.     As stated above, Plaintiffs and class members are entitled to full restitution due to them for all house fees charged to dancers and all recommended tip-outs to non-service employees under the common law doctrine of *quantum meruit*.

## Count VI
### (Violation of the FLSA
### Failure to Pay Statutory Minimum Wage)

21.     Plaintiffs hereby incorporate all the proceeding paragraphs by reference as if fully set forth herein.

22.     The FLSA required Defendants to pay Plaintiffs and other similarly situated exotic dancers at an hourly rate at least equal to the Federal Minimum Wage.

23.     The FLSA required Defendants allow Plaintiffs and other similarly situated exotic dancers to keep all tips and gratuities received from customers.

24. As set forth above, Defendants failed to pay Plaintiffs and other similarly situated exotic dancers at hourly rates in compliance with the FLSA Federal Minimum Wage requirements.

25. Without legal excuse or justification, Defendants kept and/or assigned to management tips and gratuities received by Plaintiffs and other exotic dancers and belonging to Plaintiffs and other exotic dancers.

26. Defendant's failure to pay Plaintiffs and other similarly situated exotic dancers as required by the FLSA was willful and intentional and was not in good faith.

### Count VII
### (Violation of 26 U.S.C. ¶7434
### Unlawful Filing of IRS W-2 Tax Information Returns)

27. Plaintiffs hereby incorporate all the proceeding paragraphs by reference as if fully set forth herein.

28. During the tax claim relevant time period, Defendants issued Plaintiffs and other similarly situated exotic dancers yearly IRS W-2 tax information returns (reflecting payroll wages) that were facially incorrect and did not accurately reflect the actual net wages Plaintiff and other dancers received.

29. 26 U.S.C. §7434 provides that "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."

30. Here, because (1) Defendants issued Plaintiffs and other similarly situated exotic dancers tax information returns each year of their employment (an IRS Form W-2); (2) the

information return was facially false and did not accurately reflect net wages actually received by Plaintiffs and other dancers; and (3) Defendants had actual knowledge the wage information on the information returns issued to Plaintiff and other dancers was false.

31. Defendants now owe damages to Plaintiffs and all other dancers under 26 U.S.C.§7434(b) in the statutorily mandated amount of $5,000.00 for each fraudulent information return issued, plus attorney's fees and costs.

## Prayer for Relief

Plaintiffs respectfully requests that the Court enter the following relief:

1. A declaratory judgment that the Plaintiffs were employees and not independent contractors;
2. An award of damages for all wages and overtime payments that are due to the Plaintiffs;
3. An award of damages for all shift fees required by Defendants and paid to Defendants;
4. An award of damages for all fees required by Defendants to be paid to them, including "house fees" and all other unlawful fees;
5. An award of damages for all other benefits of employment due to the Plaintiffs and all similarly situated employees, such as unemployment compensation, worker's compensation, and payment for the employer's share of taxes;
6. Statutory trebling of all wage-related damages;
7. Attorneys' fees and costs; and
8. Any and all other relief to which the Plaintiffs may be entitled, as this Honorable Court deems just.

*Respectfully submitted.*

DEANNA GALLO, and BRITTANY DUCHAINE on behalf of themselves and all others similarly situated,

By their attorneys,

*/s/ David D. Dishman*
David D. Dishman (BBO#126210)
DISHMAN LAW, PC
224 Lewis Wharf
Boston, MA 02110
617-523-5252
david@dishmanlaw.com

Tod A. Cochran (BBO #643165)
PYLE ROME EHRENBERG PC
2 Liberty Square, 10th Floor
Boston MA 02109
617-367-7200
tcochran@pylerome.com

Dated:  May 12, 2021